UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KYLE D. MICHAUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Docket no. 1:13-cv-270-GZS |
| v. | ) | |
| | ) | |
| NEXXLINX OF MAINE, INC. & | ) | |
| OPENTABLE, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

Before the Court are the following motions: (1) Defendant Opentable Inc.'s Motion to Dismiss Count IV (ECF No. 17), (2) Plaintiff Kyle Michaud's Motion to Amend Complaint (ECF No. 24), and (3) Defendant Opentable Inc.'s Motion to Strike Certain Paragraphs of Declaration of Kyle Michaud (ECF No. 28). As briefly explained herein, Plaintiff's Motion to Amend (ECF No. 24) is hereby GRANTED, Defendant's Motion to Dismiss Count IV (ECF No. 17) is hereby DENIED IN PART & MOOT IN PART, and Defendant's Motion to Strike (ECF No. 28) is hereby MOOT.

Having reviewed the parties' written submissions, the Court grants Plaintiff's Motion to Amend (ECF No. 24) upon finding the proposed amendment is timely and falls well within Federal Rule of Civil Procedure 15(a)(2). The Court concludes this amendment is not futile and that the Amended Complaint states a plausible claim for intentional interference with an economic relationship.

In light of the to-be-filed Amended Complaint, the Court denies Defendant's Motion to Dismiss Count IV (ECF No. 17).  To the extent Defendant sought dismissal of Count IV because the original Complaint did not satisfy the pleading standards established by Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court finds the Motion to Dismiss is moot in light of the Amended Complaint.  With respect to the second argument contained in Defendant's Motion to Dismiss, the Court's denial is without prejudice. (See Def. Mot. to Dismiss at 9-16.)  Opentable is free to re-file a motion to dismiss Count IV of the Amended Complaint if it wishes to press its argument that, given the contractual relationship between the Defendants, Maine law would not recognize Plaintiff's claim for intentional interference with an economic relationship on the facts alleged in the Amended Complaint.  If Opentable wishes to renew this argument pursuant to Federal Rule of Civil Procedure 12(c), it shall file an answer to the Amended Complaint prior to filing a renewed motion to dismiss Count IV.

To the extent the Court would be required to consider matters outside the pleadings in order to resolve Opentable's objections to Count IV, Opentable may wish to file a notice of intent to file a motion for summary judgment in accordance with District of Maine Local Rule 56H prior to completion of discovery.  To be clear, on the record presented, the Court would not convert the pending motion to dismiss into a motion for summary judgment in order to consider the multiple documents the parties have submitted and, therefore, the Court could not and would not consider these documents (ECF Nos. 23, 25-1, 26-1).  See Freeman v. Town of Hudson, 714 F.3d 29, 35-36 (1st Cir. 2013) ("On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto, . . . or else convert the motion into one for summary judgment.") (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

Summary judgment is the proper procedural vehicle for the Court to consider the various contracts and affidavits the parties have submitted in connection with the motion to dismiss.

In light of the Court's ruling on the Motion to Dismiss, Defendant's Motion to Strike Certain Paragraphs of the Declaration of Kyle Michaud (ECF No. 28) is hereby MOOT.

SO ORDERED.

        /s/ George Z. Singal
        United States District Judge

Dated this 30th day of October, 2013.