UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KYLE D. MICHAUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-270-JDL |
| | ) | |
| NEXXLINX OF MAINE, INC. et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDED DECISION

The defendants in this case, Nexxlinx of Maine, Inc. ("Nexxlinx"), and OpenTable, Inc. ("OpenTable"), have filed a Joint Motion to Enforce Settlement Agreement (ECF No. 43). They argue that on March 11, 2014, they entered into a binding agreement with the plaintiff, Kyle D. Michaud ("Michaud"), to resolve his claims against them. Michaud, who was represented by counsel on March 11, but is now unrepresented, claims that he and the defendants failed to reach a binding, enforceable settlement agreement.

On June 18, 2014, I referred this case for an evidentiary hearing and recommended decision by a Magistrate Judge (ECF No. 71). The evidentiary hearing took place on September 4, 2014. On October 3, 2014, Magistrate Judge John C. Nivison issued a Recommended Decision finding that the settlement agreement was enforceable and recommending that the defendants' motion to enforce be granted.[1]

---

[1] Nexxlinx also filed a separate Motion for Leave to File Attorney's Fees (ECF No. 83), which the Recommended Decision concluded should be denied. ECF No. 99. The time within which to file

1

ECF No. 99. Michaud has objected, ECF No. 100, and so I review the Magistrate Judge's decision *de novo*, see 28 U.S.C.A. § 636(b). After careful consideration, I adopt the Magistrate's Recommended Decision.

## I. FACTUAL BACKGROUND

I adopt the Magistrate Judge's findings of fact as set forth in the Recommended Decision, and which are paraphrased here. *See* ECF No. 99 at 2-4. In July 2013, Michaud filed a civil action against Nexxlinx and OpenTable, alleging that he was improperly discharged from his employment. Michaud was represented by Attorney Brett Baber. By letter dated March 6, 2014, Michael Feldman, counsel for Nexxlinx, wrote a letter to Baber in which he stated that "Nexxlinx of Maine is willing to pay a total of $15,000.00 in exchange for a complete release of all claims against Nexxlinx . . . [and] OpenTable and all present and past employees of these companies. We would also require a confidentiality provision, a non-disparagement provision, and a no-contact provision in the ultimate settlement agreement." ECF No. 99 at 2, ¶ 3 (quoting Defendants' Joint Exh. 2).

Baber forwarded a copy of Feldman's letter to Michaud via email on March 6. *Id.* at ¶ 4. Baber and Michaud exchanged email messages over the course of the next several days, discussing the settlement offer and some of the issues in the case. *Id.* at ¶ 5. On approximately March 11, the two had a telephone conversation during which they spoke about the settlement offer. *Id.* at ¶ 6. Baber told Michaud that he

---

objections expired on October 20, 2014, and no objection was filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal.

was willing to pursue the case on Michaud's behalf, but was not willing to invest money to depose a certain witness who was located in California. *Id.* During this conversation, Michaud instructed Baber to settle the case. *Id.* at 2-3, ¶ 6 (citing Baber's notes of the conversation, Defendants' Joint Exh. 29). Baber and Michaud did not discuss the non-economic terms of the settlement during the conversation. *Id.*

After his conversation with Michaud, Baber wrote an email dated March 11 to Feldman and Attorney Seth Brewster, counsel for OpenTable, in which he stated that "Mr. Michaud accepts the offer. Case settled. We would ask that $5,000 be allocated to attorney's fees, and $10,000 to non-economic physical damages (related to the impact on his physical health). Please send me a proposed release." *Id.* at 3, ¶ 7 (quoting Defendants' Joint Exh. 6). Later the same day, Michaud sent an email message to Baber asking whether the case was "really all over" and whether he "could get two more days to think." *Id.* at ¶ 8. Baber responded that, although the matter was not finally concluded until Michaud signed a release, he had informed defense counsel that the parties had reached an agreement. *Id.*

From March 11 to March 19, Baber communicated back and forth with defense counsel regarding the terms of the written settlement agreement. *Id.* at ¶ 9. At least one term was modified when the defendants agreed to allow Michaud to resign from his employment rather than characterize his separation as a termination. *Id.*

On March 19, Baber forwarded the final version of the settlement agreement via email to Michaud and asked him to sign it. *Id.* at ¶ 10. By March 21, Baber had not received a reply from Michaud, and wrote to inquire about the status of the

3

settlement agreement. *Id.* at 4, ¶ 11. Michaud wrote, "I've been sick lately. I need until Tuesday, the 25th." *Id.* On March 25, Michaud sent an email to Baber in which he set forth his analysis of the merits of his claims against Nexxlinx and OpenTable, concluding, "[f]or all these reasons, I will not settle for $15,000." *Id.* at ¶ 12.

## II. LEGAL ANALYSIS

A.  Michaud's Coercion Argument

Michaud claims that he was coerced into accepting the settlement when Baber refused to pay for the corporate deposition of defendant OpenTable. ECF No. 100 at 3. The defendants argue that Michaud "specifically disclaimed" his coercion argument on June 24 and again on July 22, during two pre-hearing telephone conferences presided over by the Magistrate Judge. ECF No. 104 at 2-4. They claim further that he did not raise the coercion argument at the September 4, 2014, evidentiary hearing before the Magistrate Judge. *Id.* Thus, the defendants contend, Michaud cannot now claim that he was coerced. *Id.* at 4 (quoting *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

The Court's reports of the June 24 and July 22 conferences reflect that Michaud did not identify coercion as an issue he intended to raise at the evidentiary hearing. Rather, the reports show that he claimed "that his prior counsel [Baber] was authorized to settle the parties' dispute, in consideration for a payment of $15,000," but that "he was unaware of, and did not authorize Mr. Baber to agree to, some of the non-monetary terms that Defendants proposed as terms of the settlement." ECF No. 79 at 1; *see also,* ECF No. 74. Michaud also failed to raise the

4

issue of coercion in his post-hearing brief submitted after the September 4 evidentiary hearing before the Magistrate Judge.  *See* ECF No. 96.

The defendants are correct that Michaud cannot now claim that he was coerced.  A party is entitled to *de novo* review of arguments that were properly raised before the Magistrate Judge.  *Paterson-Leitch Co., Inc.,* 840 F.2d at 990-91 ("[A]n unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate."); *see also Vining v. Astrue*, 720 F. Supp. 2d 126, 128 (D. Me. 2010) ("[T]he law is clear in this Circuit that failure to raise an argument before the Magistrate Judge waives it before the District Court.").

**B.    Alleged Lack of Authority to Settle Claims**

Alternatively, Michaud claims that Baber had authority to settle the case for $15,000, but did not have authority to negotiate or agree to any other terms.  ECF No. 100 at 6 ("Baber did not have authorization beyond . . . the initial 'agreement to agree.'").  The Recommended Decision concludes that, based upon the evidence presented at the September 4 hearing, Baber did have settlement authority over both the dollar amount and other terms.  I agree with this conclusion.

The findings of fact, which I have adopted, *supra*, state that Baber forwarded a copy of Feldman's initial March 6 settlement offer to Michaud.  ECF No. 99 at 2, ¶ 4.  The offer stated that the defendants were willing to settle for $15,000 but that they "would also require a confidentiality provision, a non-disparagement provision, and a no-contact provision."  *Id.* at ¶ 3 (citing Defendants' Joint Exh. 2).  Thus, Michaud knew about the non-economic terms on March 6, and was aware of them as

5

he and Baber discussed the settlement offer via email over the next several days. *Id.* at ¶ 5 (citing Defendants' Joint Exhs. 4, 5). Michaud was aware of the non-economic terms on March 11, when he and Baber spoke on the telephone about the settlement offer, at which point Michaud instructed Baber to settle the case. *Id.* at 2-3, ¶ 6 (citing Defendants' Joint Exh. 29).

The only support Michaud cites to suggest that Baber lacked settlement authority is Baber's testimony from the September 4 evidentiary hearing, in which Baber stated that he did not receive a response from Michaud "reaffirming" the settlement agreement. ECF No. 100 at 6. However, there is no evidence which suggests that Michaud's previous instructions to Baber to settle the case on March 11 were contingent on Baber's obtaining Michaud's reaffirmance. *See* ECF No. 100. Moreover, Michaud voluntarily chose Baber as his representative in the action against Nexxlinx and OpenTable and he "cannot now avoid the consequences of the acts or omissions of his freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

Michaud also cites *Ault v. Pakulski*, 520 A.2d 703 (Me. 1987), for the proposition that the non-economic terms contained in Feldman's March 6 settlement offer were too vague to be enforced. ECF No. 100 at 7. I agree with the conclusion in the Recommended Decision that insofar as the confidentiality provision, non-disparagement provision, and no-contact provision were stated as required elements of the offer, they constitute material terms of the agreement. *See* ECF No. 99 at 7 (citing *Fitzgerald v. Hutchins*, 2009 ME 115, ¶ 18, 983 A.2d 382, 389).

6

## III. CONCLUSION

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED** with regard to the defendants' Joint Motion to Enforce Settlement Agreement (ECF No. 43). I determine that Michaud authorized his former counsel to settle the civil action under the terms set forth in the defendants' written settlement offer of March 6, 2014. The defendants' Joint Motion to Enforce Settlement Agreement (ECF No. 43) is hereby **GRANTED**. It is also **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED** with regard to Nexxlinx's Motion for Leave to File Attorney's Fees (ECF No. 83), which is hereby **DENIED**.

**SO ORDERED.**

    /s/ Jon D. Levy
**United States District Judge**

Dated this 19th day of February, 2015.