**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | | |
|---|---|---|
| KYLE D. MICHAUD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-270-JDL |
| | ) | |
| NEXXLINX OF MAINE, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING THE PARTIES' MOTIONS TO AMEND AND MOTIONS FOR SANCTIONS

The defendants in this case, Nexxlinx of Maine, Inc. ("Nexxlinx"), and OpenTable, Inc. ("OpenTable"), have filed a Joint Motion to Enforce Settlement Agreement. ECF No. 43. On June 18, 2014, I referred the matter for an evidentiary hearing and recommended decision by a Magistrate Judge. ECF No. 71. The evidentiary hearing took place on September 4, 2014, before Magistrate Judge John C. Nivison. ECF No. 89. On October 3, 2014, the Magistrate Judge issued a recommended decision finding that the settlement agreement was enforceable. ECF No. 99. Michaud filed an objection on October 20, 2014, in which he argued that he was coerced into settling his claims by his former attorney. ECF No. 100.

Michaud's objection was followed by a flurry of opposing motions. Nexxlinx moved for sanctions, arguing that sanctions were appropriate because Michaud had relied on a coercion argument in his Objection despite clearly stating in a June 24, 2014, telephone conference with defense counsel and the Magistrate Judge that he would not do so. ECF No. 103. In response, Michaud moved for leave to amend his

1

objection in order to "sharpen[] and expand[]" the argument set forth his Objection in order to avoid sanctions. ECF No. 105. Michaud also moved for sanctions against Attorney Michael Feldman, counsel for Nexxlinx, calling Nexxlinx's motion for sanctions "an unmistakeable attempt to intimidate a *pro se* litigant into withdrawing a legitimate request for *de novo* review." ECF No. 106 at 4.[1] Nexxlinx then moved to amend its motion for sanctions to incorporate Michaud's later filings, saying that Michaud's motion for sanctions "serves to needlessly increase the costs of litigation in this case." ECF No. 112 at 2. Michaud then moved to strike Nexxlinx's motion to amend its motion for sanctions. ECF No. 113.

In light of my order adopting the Magistrate Judge's Recommended Decision, the competing motions described above are **DENIED**.

**SO ORDERED.**

/s/ Jon D. Levy
**United States District Judge**

Dated this 19th day of February, 2015.

---

[1] Michaud's argument as to why Feldman should be sanctioned is found in Michaud's Response in Opposition to Nexxlinx's motion for sanctions. ECF No. 106. However, Michaud's actual motion is docketed as ECF No. 108.